Mitchell VAN BOURG, Plaintiff,

v.

Paul H. NITZE, Secretary of the Navy, Defendant.

Civ. A. No. 2920–65.

United States District Court
District of Columbia.

Oct. 6, 1966.

Chester Shore, Washington, D. C., for plaintiff.

Garvin Oliver, Department of Justice, for defendant.

## MEMORANDUM

HOLTZOFF, District Judge.

This is an action by a former Naval officer to set aside his discharge from the inactive Naval Reserves under conditions other than honorable. The suit is brought against the Secretary of the Navy. The case is before the Court on cross-motions for summary judgment.

After serving as an officer in the United States Navy, the plaintiff on January 18, 1946 was transferred to the inactive Naval Reserves. He became a practicing architect in San Francisco. On August 10, 1951, the plaintiff received notice of charges from the Commandant, Twelfth Naval District. The charges set forth a statement of facts in detail involving accusations that the plaintiff had been a member of the Communist Party and had other contacts and connections with Communist activities. In addition to a narrative statement of facts, the communication from the Commandant contained a series of interrogatories for the plaintiff to answer. The plaintiff was accorded an opportunity to submit a written statement in answer to the charges and written replies to the interrogatories.

Upon receiving the charges the plaintiff immediately consulted his personal counsel. The latter made an investigation and conferred with representatives of the Navy Department concerning the matter. There appears to have been no direct contact or communication between the plaintiff and any official of the Navy Department during this period. The plaintiff did not reply to the Commandant's communication; he did not file a reply to the charges or respond to the interrogatories; and he did not request any hearing. Apparently on the advice of counsel, he submitted his resignation, on September 11, 1951,—a month after receiving the charges. The communication sent by the plaintiff to the Commandant on September 11, 1951, was not an ordinary resignation, but was much more far-reaching. It reads as follows:

"I hereby submit my resignation from the naval service of the United States for the good of the service, and I request that the same be so accepted. I have been informed and understand that if my resignation for the good of the service which is herein submitted be accepted, I shall subsequently receive a certificate of discharge from the naval service which will state upon its face that it is under conditions other than honorable; that I may be deprived of substantial rights, benefits, and bounties which Federal or State legislation confers or may hereafter confer upon persons with honorable service in, or separation from, the armed forces of the United States; and that I may expect to encounter substantial prejudice in civil life in situations wherein the nature of service rendered in, or the character of separation from, the armed forces may have a bearing."

The resignation was accepted and the plaintiff received a formal certificate of discharge under conditions other than honorable.

More than a decade passed. On April 12, 1963 the plaintiff filed an application for a review of the matter with the Navy Discharge Review Board, established by the Secretary of the Navy pursuant to 10 U.S.C. § 1553. He was accorded a hearing. At that hearing he was represented by his present counsel, who among other things requested an opportunity to see the confidential reports that the Navy Department had received and which formed a part of the basis for the charges. This request was not grant-

ed and the petition for review was denied. The plaintiff appealed to the Board for Correction of Naval Records, which affirmed the decision of the Board of Review.

The present action is predicated on the contention that the plaintiff was entitled to see the confidential reports which formed part of the material on which the Navy Department had acted and to be confronted with witnesses. This contention is based upon a decision of the Court of Appeals in Bland v. Connally, 110 U.S.App.D.C. 375, 293 F.2d 852.

We do not reach the question, however, that is raised by the plaintiff because in the instant case the plaintiff knowingly and deliberately waived his rights by submitting a resignation of the type that he presented, and did not at the proper time either request a hearing, or an opportunity to inspect the confidential reports. In that respect, the *Bland* case is inapplicable for no such waiver was present there.

The resignation was deliberate and was submitted knowingly on advice of counsel. There is no contention that it was obtained by duress, or that the plaintiff was mentally incompetent, or that the resignation was prepared at a moment's notice without deliberation. A month elapsed between the receipt of the charges and the submission of the resignation. In the meantime, the plaintiff conferred with his counsel on more than one occasion, who apparently explored the matter thoroughly.

It is claimed that the resignation was not voluntary because the plaintiff was informed by his counsel that he would not be given the privilege of seeing the confidential reports. Obviously this circumstance does not render the resignation involuntary. If the plaintiff wanted to preserve his rights, he should have made a request to see the reports.

At the hearing before the Board of Review, the circumstances under which the resignation was submitted were examined in detail and a considerable amount of testimony was introduced concerning them. The Board saw no reason for disregarding the resignation and the waiver contained in it. Counsel was informed by a representative of the Board of Review that:

"The fact that [Petitioner], prior to his separation, did not appear for or request a hearing, and did not ask that he be confronted with witnesses against him, but tendered his resignation, distinguishes his case from that of *Bland,* cited in your brief."

This Court reaches the conclusion that under the circumstances the plaintiff had waived any right that he now claims to have and, therefore, may not maintain this action. This Court does not express, or even intimate, any views as to whether the right to see confidential reports existed.

Plaintiff's motion for summary judgment denied.

Defendant's motion for summary judgment granted.